STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: sforman@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC (DOE 1)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Maria R. Hernandez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc.; Doe Store Manager, and DOES 1 to 25, inclusive<br><br>　　　　　Defendants. | Case No.:<br>[*Los Angeles County Superior Court Case No.: 21STCV31819*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**<br><br>Complaint Filed:  August 27, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC, contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California – Western Division.  The removal is based, specifically, on the following grounds:

///
///
///
///
///

- 1 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b)
(DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

## JURISDICTION AND VENUE ARE PROPER

1.  This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3.  On August 27, 2021, Plaintiff MARIA R. HERNANDEZ commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *Maria R. Hernandez v. Lowe's Companies, Inc., et al.,* Case No. 21STCV31819.  True and correct copies of the Summons and Complaint filed in this matter are attached hereto and incorporated herein by reference collectively as **Exhibit "A."**

4.  On September 21, 2021, Plaintiff filed in the Los Angeles County Superior Court an Amendment to Complaint, substituting LOWE'S HOME CENTERS, LLC for the previously named fictitious "Doe 1."  A true and correct copy of the Amendment to Complaint filed September 21, 2021, is attached hereto as **Exhibit "B."**

5.  On September 24, 2021, Defendant LOWE'S HOME CENTERS, LLC, voluntarily accepted service of the Summons, Complaint and Amendment to Complaint (**Exhibits "A" and "B"**), and filed its Answer to Complaint and Demand for Trial by Jury in the Los Angeles County Superior Court and served same on Plaintiff.  True and correct copies of LOWE'S HOME CENTERS, LLC's Answer to Complaint and Demand for Trial by Jury are attached hereto and incorporated herein by reference collectively as **Exhibit "C."**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

6. On September 28, 2021, Plaintiff filed in the Los Angeles County Superior Court an Amendment to Complaint substituting Malcolm Boman for the previously named fictitious "Doe 2." A true and correct copy of Plaintiff's Amendment to Complaint filed September 28, 2021, is attached hereto as **Exhibit "D."**

7. Named Defendant Malcolm Boman has never been served with a copy of the Summons and Complaint and has not appeared in this action.

8. On September 28, 2021, a Request for Dismissal of named defendant LOWE'S COMPANIES, INC. was filed with the state court. As of the date of this removal, the dismissal of named defendant LOWE'S COMPANIES, INC. has not yet been entered by the Los Angeles County Superior Court. A true and correct copy of the Request for Dismissal of LOWE'S COMPANIES, INC. is attached hereto as **Exhibit "E."** A conformed copy of the entered dismissal will be filed with the federal court on receipt from the Los Angeles County Superior Court.

9. The attached exhibits constitute all process, pleadings and orders served by or upon Defendant in this matter.

## DIVERSITY

### A. Citizenship

10. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

11. Plaintiff was, at the time of the filing of this action, and presently remains domiciled in the State of California and is therefore a citizen of the State of California.

12. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729,

731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant Lowe's Home Centers, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

13. Named defendant LOWE'S COMPANIES, INC., is incorporated in the State of North Carolina and has its principal place of business in North Carolina. Accordingly, LOWE'S COMPANIES, INC., is a citizen of the State of North Carolina.

14. Therefore, complete diversity of citizenship exists as between Plaintiff MARIA HERNANDEZ, a citizen of California, and all entity defendants, citizens of North Carolina.

### B. Individual Defendants

15. LOWE'S HOME CENTERS, LLC is informed and believes, and thereon alleges that Defendant Malcolm Boman was, at the time of filing of this action, a citizen of California.

16. The citizenship of Malcolm Boman may be disregarded because he has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. Similarly, the citizenship of defendant "Doe Store Manager" may be disregarded because this is a sham defendant and has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction

by adding "sham" defendants. See Morris, 236 F.3d at 1067; TPS Utilicom Serv., Inc. v. AT&T Corp., 223 F.Supp.2d 1089, 1100-01 (C.D. Cal.2002).

17. Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. Ritchey v. Upjohn Drug Co., 139 F3d 1313, 1318 (9th Cir. 1998); McCabe, 811 F.2d at 1339. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D.Cal. 1979); McCabe, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent")

18. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party…at any stage of the action and on such terms as are just." Gasnik v. State Farm Ins. Co., 825 F.Supp.245, 248-49 (E.D. Cal. 1992).

19. Plaintiff's complaint alleges theories of liability based on negligence and premises liability. Each cause of action is based upon the allegation that Plaintiff slipped and fell on a watery and/or slippery substance and sustained personal injuries.

20. There is no reasonable basis for imposing liability on Mr. Boman as he was not the manager of the subject Lowe's at the time of the subject incident on September 12, 2019. At the time of the subject incident, Mr. Boman was a District Manager for LOWE'S HOME CENTERS, LLC in Portland, Oregon, and was a citizen of the State of Oregon. Mr. Boman did not become the manager of the Burbank store until July 2021, nearly two years *after* the subject incident. Since Mr. Boman was a manager in a different state, no act or omission on his part could have caused Plaintiff's injuries, and he cannot be held liable for any dangerous condition of the Burbank store.

21. Moreover, Plaintiff has not demonstrated any real intent to obtain a judgment against Mr. Boman as he has never been served with the Summons and

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

Complaint. Plaintiff named Mr. Boman as a DOE only after she demanded a declaration from the store manager as a condition for the dismissal of improperly named defendant LOWE'S COMPANIES, INC. It is clear that Mr. Boman is a "sham" defendant, joined only for the purpose of destroying complete diversity.

22. There is, likewise, and for the same reasons, no reasonable basis for imposing liability on an unknown individual known as "Doe Store Manager."

### C.  Consent to Removal Not Necessary for Unserved Defendants

23. Named defendant "LOWE'S COMPANIES, INC." is not registered with the California Secretary of State to do business in California, and maintains no designated agent for service of process in California. Lowe's Companies, Inc., maintains no regular place of business in California.

24. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the consent of all defendants "properly joined and served" is required prior to removal. However, where a non-joining defendant has not been properly served, its absence from the removal notice will not render the removal defective. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

25. LOWE'S COMPANIES, INC., has never been properly served with the Summons and Complaint in this case. Plaintiff attempted to serve LOWE'S COMPANIES, INC., in California through CSC – Lawyers Incorporating Service, which is the registered agent for service of process in California for LOWE'S HOME CENTERS, LLC. LOWE'S COMPANIES, INC. is a citizen of North Carolina and maintains no registered agent for service of process in California. Accordingly, Plaintiff's attempted service of the Summons and Complaint on LOWE'S COMPANIES, INC. in California was improper and ineffective. Moreover, because the store in which the incident giving rise to this litigation, and in fact all Lowe's retail stores in California, are wholly owned and operated by a separate corporate entity, LOWE'S HOME CENTERS, LLC, LOWE'S COMPANIES, INC. is not even properly joined. Therefore, LOWE'S COMPANIES, INC.'s consent to or joinder in

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

the removal is not required by 28 U.S.C. § 1446(b)(2)(A). As stated above, *supra*, Paragraph 8, a Request for Dismissal of LOWE'S COMPANIES, INC. has been filed with the Los Angeles Superior Court.

### C. Fictitious Does

26. Defendants DOES 2 to 25, are wholly fictitious. The Complaint does not set forth the identity, citizenship, or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

### AMOUNT IN CONTROVERSY

27. Plaintiff's Complaint sets forth causes of action for general negligence and premises liability. *See,* **Exhibit "A."** Plaintiff alleges that on September 12, 2019, as she was shopping at Defendant's retail store, she slipped and fell on a watery substance on the floor. Although Plaintiff was prohibited from stating a specific amount demanded in her Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

28. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

29.  A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

30.  28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes, or a pre-litigation "other paper." A written settlement demand, therefore, constitutes "other paper."

31.  The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.*, 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

$75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

32. On March 15, 2021, *prior* to filing the Complaint and thereafter the Amendment to Complaint in the Superior Court for the County of Los Angeles (the latter of which for the first time named LOWE'S HOME CENTERS, LLC, as a defendant in this action), and *prior* to informal service of the Summons, Complaint and Amendment to Complaint on LOWE'S HOME CENTERS, LLC, Plaintiff's counsel sent a letter to Defendant which included a written settlement demand for Defendant's "policy limits," and included claimed past medical expenses of $112,463.50 and claimed future medical expenses of $220,000-$280,000, an amount in excess of the $75,000.00 jurisdictional limit.

33. The pre-litigation settlement demand constitutes "other paper" and satisfies the amount in controversy requirement. Thus, the preponderance of the evidence shows that Plaintiff's specific damages claims exceed the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

34. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by informal service of the initial pleading naming Defendant LOWE'S HOME CENTERS, LLC as a defendant to this action, to wit, the Amendment to Complaint received on September 24, 2021. 28 U.S.C. § 1446(b)(1).

35. Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed her initial Complaint on August 27, 2021.

36. Formal service of process on a named defendant, and not receipt of a copy of the Complaint by some means other than formal service, triggers the removal period. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, *and brought under a court's authority, by formal process*." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999)

(emphasis added). "Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' *after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. Id.* at 347-348 (emphasis added). "We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019), quoting *Murphy Bros.,* 526 U.S. at 347.

37.  Therefore, the instant removal by Defendant LOWE'S HOME CENTERS, LLC, is timely in that it is being affected within 30 days of September 24, 2020, the date the Defendant voluntarily submitted to the court's authority by voluntary acceptance of service of process.

38.  For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: October 1, 2021                                     THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
ANDREA BREUER
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC
(DOE 1)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Matthew Taylor, Esq.<br>Karan Gill, Esq.<br>VAZIRI LAW GROUP, APC<br>5757 Wilshire Blvd., Ste. 670<br>Los Angeles, CA 90036<br>Tel: 310-777-7540<br>Fax: 310-777-0373<br>Email: mtaylor@vazirilaw.com<br>Email: kgill@vazirilaw.com<br><br>cc:<br>Asst.<br>Lbaghdasaryan@vazirilaw.com | Attorneys for Plaintiff, MARIA R. HERNÁNDEZ |
|---|---|

5. a.  **X**  **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed during the Coronavirus (Covid-19) pandemic and pursuant to Local Rule 135 and Fed.R.Civ.P.Rule 5., this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 10/1/2021 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32326\Pleadings\FEDERAL\Notice of Removal.docx

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**